THOMAS W. VOSE *vs.* WEBSTER TREAT.

*Ratification. Special promise to assignee—action on.*

Where, after judgment on a marine policy recovered in the name of the owner of one-eighth interest, alone, the owner of the remaining seven-eighths settled with the attorney recovering judgment, by agreeing with him as to the amount of fees he should receive, and receiving from him the balance of a partial collection on the execution, after the deduction of the amount of his fees, together with the execution, the balance of which the defendant subsequently collected, and thereupon agreed to pay to the assignee of the one-eighth interest, his share thereof; it was held, that the acts of the defendant constituted a ratification of the original suit, and that assumpsit would lie upon the special promise by the assignee.

ON EXCEPTIONS.

ASSUMPSIT for two hundred and fifty dollars for so much money had and received.

Writ dated Sept. 27, 1869.

At the April term, 1870, the action was referred, by rule of court, to Judge Dickerson, of this court, " either party to have the right to except."

At a subsequent term, the case having been heard, Judge Dickerson returned the following report:

I find, as matter of fact, that,

One Edwin P. Treat commenced an action on a policy issued by the Union Insurance Company, returnable at the January term, 1867, the plaintiff owning only one-eighth of the vessel insured; that he did not inform his counsel that he was not sole owner until after the entry of the action; that soon after the entry of the action and before the trial, he informed him that he owned only one-eighth part of the vessel, and that the other part-owners' declined to take any part or assume any responsibility in the prosecution of the suit. After entry, and before trial, E. P. Treat delivered to his counsel the policy, protest, and register of the vessel as a pledge to secure the payment of his fees and disbursements, without making any

definite arrangement as to their amount, it being understood that the amount would depend upon the result of the suit.

The action was tried and verdict rendered for the plaintiff. Exceptions and a motion for a new trial were filed, allowed, and subsequently argued at the law term of the court at Bangor ; but the court overruled them both, and judgment was rendered for the plaintiff on the 10th day of May, A. D. 1869, for the sum of two thousand three hundred and two dollars and twelve cents debt or damage, one hundred and fifty-five dollars costs of suit, upon which execution was issued June 17, 1869.

The counsel who recovered the judgment, collected the sum of six hundred and fifty dollars on this execution, June 25, 1869, being the amount due him as counsel in the case, and for which he claimed to have a lien on the execution.

Webster Treat did not employ said counselor in the case, nor did said counselor know that he had any interest in the same, until after judgment was rendered and he had collected his fees on the execution.

Webster Treat became owner of the remaining seven-eighths interest in said suit, on the 13th day of January, 1868. On the 9th day of July, 1869, Webster Treat called upon said counsel, and told him he was willing to allow him Boston prices for such services, but he thought his claim exceeded that rate, whereupon it was agreed between them that said counsel should make a deduction of one hundred dollars from his bill, and he paid said Webster Treat the sum of eighty-seven dollars and fifty cents, being seven-eighths of the sum of one hundred dollars thus deducted, and delivered the execution to him with all said counsel's rights thereon.

On the 10th day of July, A. D. 1869, the said Webster Treat collected the balance of the execution of the said company, being the sum of sixteen hundred and thirty-nine dollars, for which he gave his receipt on the execution, the premium note having been first deducted from the amount due on said execution.

I further find, as matter of fact, that said Edwin P. Treat filed his petition, to be declared a bankrupt, in the district court of the

United States, for the district of Maine, on the 14th day of January, A. D. 1868, together with a schedule of his property, including his claim on one-eighth of the policy sued as aforesaid, which schedule was subsequently amended by declaring that said policy had been delivered and assigned to A. G. Jewett, as security for the payment of services rendered and disbursements made by him on a suit upon said policy.

A. H. Hubbard, Esq., of Winterport, was appointed assignee of the estate and effects of the said Edwin P. Treat, bankrupt as aforesaid, on the 7th day of April, A. D. 1868, and on the same day all the estate, real and personal, of the said bankrupt, including all the property, of whatever kind, of which he was possessed, or was interested in or entitled to on the 14th day of January, 1868, was assigned and conveyed to the said A. H. Hubbard, in accordance with the provisions of the act of congress, entitled an act to establish a uniform system of bankruptcy throughout the United States, approved March 2, 1867. Said assignee signified his acceptance of said trust on the 7th day of April, 1868. On the 17th day of February, 1869, said assignee filed his petition in the district court of the United States for the district of Maine, praying for leave to sell certain property subject to him, including the bankrupt's interest in one-eighth of the policy of insurance on schooner "R. H. Perkins," in the Union Insurance Company of Bangor.

On the 19th day of February, 1869, said court granted said assignee leave to sell said property as prayed for, who advertised the same, according to law, and sold the bankrupt's interest in one-eighth of the policy of insurance, aforesaid, to Thomas W. Vose, Esq., the plaintiff in this action, at public auction, he being the highest bidder therefor, on the 10th day of April, A. D. 1869.

Subsequently to this purchase by the plaintiff, and after the defendant had obtained the money on the execution, as aforesaid, they had an interview upon the subject of the plaintiff's claim against the defendant, now in suit, in which the defendant said to the plaintiff, that he need not sue it and that he would pay it.

I also find, as a matter of law,

1. That the defendant's settlement with Mr. Jewett was a ratification of his original employment as counsel, and a recognition of his claim on the defendant for seven-eighths of the amount due him as counsel.

2. That by his purchase of the interest of Edwin P. Treat, in one-eighth of the policy of insurance on the schooner " R. H. Perkins," issued by the Union Insurance Company of Bangor, he acquired a valid claim to one-eighth part of sixteen hundred and thirty-nine dollars amounting to two hundred and four dollars and eighty-seven cents.

3. That the defendant's promise to pay the plaintiff the amount of this claim, gave the plaintiff the legal right to maintain this action against the defendant, the latter having previously collected the money now sued for, on the execution against the Union Insurance Company.

4. That without such special promise the plaintiff would not be entitled to maintain this action.

The defendant objected to the acceptance of the report on the ground that, upon the facts found, the rulings of the law were erroneous, and that judgment should have been rendered for the defendant. The presiding judge ruled otherwise, and affirmed the rulings of the referee, whereupon the defendant alleged exceptions.

*John Varney* and *Jewett*, for the defendant, contended, *inter alia*, that the defendant, having been a stranger to the original suit, he fully disavowed the suit and E. P. Treat's whole conduct in relation to it. E. P. Treat had not assumed to be defendant's agent, but acted for himself alone.

To constitute an agency, with consequent rights and liabilities, by ratification, there must have been previous original assumption of agency expressed or concealed by the person whose acts are to be ratified. Such original assumptions, if unauthorized, may be ratified; but the absence of such assumption precludes ratification.

Story on Agency, § 242, note 2 and cases there cited; 1 Pars. on Cont. (3d ed.), 45; 2 Bouv. Inst., 21, 25.

But if E. P. Treat had unauthorizedly assumed to act as agent, the transaction between the defendant, E. P. Treat's counsel, could not amount to a ratification. The counsel had defendant's property, and he deemed it prudent to compromise and take a part rather than litigate for the whole.

The rule enunciated by the report would compel a party to lose all his property, or ratify indefinite exaction.

To constitute a ratification, it must be made with a full knowledge of all the facts and circumstances in the case.

*N. H. Hubbard & T. W. Vose*, for the plaintiff, cited 2 Bouv. Law Dict. (11th ed.), 421, and cases there cited; 1 Pars. on Cont. (4th ed.), § 3, and notes; *Bryant* v. *Moore*, 26 Maine, 84; *Cushman* v. *Loker*, 2 Mass. 106; *Clement* v. *Jones*, 12 Mass. 60; *Pratt* v. *Putnam*, 13 Mass. 361; *Fisher* v. *Willard*, 13 Mass. 379; *Emerson* v. *Newbury*, 13 Pick. 379.

APPLETON, C. J.   Edwin P. Treat having one-eighth interest in a policy of insurance issued by the Union Insurance Company, commenced a suit thereon, the owners of the remaining seven-eighths declining to assume any responsibility in the matter. He employed A. G. Jewett, Esq., as counsel. The suit was conducted to a successful result, and execution thereon was issued June 9, 1869.

On Jan. 13, 1868, the defendant became the owner of seven-eighths of the policy.

Mr. Jewett, after the execution was obtained, collected thereon $650, which he claimed as a just compensation for his services. The defendant was dissatisfied, but ultimately settled with Jewett upon his deducting $100, and paying him seven-eighths of that sum, and delivering him the execution.

On June 10, 1869, the defendant collected the balance of the execution.

On Jan. 14, 1868, Edwin P. Treat filed his petition to be declared a bankrupt, including in his schedule his interest in the policy in suit. An assignee was appointed. Leave was granted the assignee to sell the assets of the estate, and on April 10, 1869, the plaintiff became the purchaser, at an auction sale, of the interest of said E. P. Treat in this policy.

The defendant having collected the execution, the plaintiff called upon him for his one-eighth. The defendant said he need not sue his claim, he would pay it.

This brief statement of uncontroverted facts shows, that the plaintiff was the owner of one-eighth of a policy, the whole amount of which had been collected by the defendant, except what had been previously paid to Mr. Jewett, and that the defendant had promised the plaintiff to pay him his share.

No reason is perceived why this promise should not be performed.

The defendant, by his settlement with Mr. Jewett, after his collection of the execution, ratified the bringing of the suit and his employment. He has received the fruits of successful litigation, and has settled with the counsel managing the cause. It is not easy to see how there could be a more complete and effectual ratification.

The defendant has neither a legal nor an equitable title to the share of Edwin P. Treat. The plaintiff has both. The promise to pay the assignee entitles him to bring the suit in his own name. *Lang* v. *Fiske*, 11 Maine, 335. *Exceptions overruled.*

*Report of referee accepted.*

CUTTING, WALTON, DICKERSON, and DANFORTH, JJ., concurred.